

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 20, 1939

Mr. Frank Wright
County Auditor
Bonham, Texas

Dear Sir:

Opinion No. O-780
Re: Are county road hands requir-
ed to buy chauffeur's licenses
for driving county trucks?

We are in receipt of your letter of
May 8, 1939, in which you request an opinion on
the following question:

"Are county road hands required -
to buy chauffeur's licenses for driv-
ing county trucks?"

We believe we are safe in assuming that
the trucks are being driven on county business.

The statutory definition of a "chauf-
feur" is contained in paragraph (g), section 1 of
article 6687a, Vernon's Annotated Civil Statutes,
popularly known as the "Driver's License Law".
It reads as follows:

"CHAUFFEUR. Any person who oper-
ates a motor vehicle for any purpose,
whole or part time, as an employee,
servant, agent or independent contract-
or, whether paid in salary or commission;
and every person who operates a motor
vehicle while such vehicle is in use
for hire or lease."

Section 2 of article 6687a, supra, requires that "all chauffeurs" be licensed in the following language:

"On and after April 1, 1936, no person except those expressly exempt under this act, shall drive any motor vehicle upon a highway in this state unless such person upon application has been licensed as an operator or chauffeur by the department under the provisions of this Act."

Section 3 designates those persons who are exempt from payment of chauffeur's Licenses. It does not include among the exempted group the employees of a county.

According to the statutory definition, any person who operates a motor vehicle for any purpose, whole or part time, as an employee of a county, whether paid in salary or commission, is a "chauffeur" and is required to procure a chauffeur's license.

We have previously held in opinion No. O-723 of this department that the statutory definition, in the absence of exception, applies to any "employee" regardless of whether the employer is private or governmental. In that opinion we ruled that the fact that the employer is a city does not exempt city employees, otherwise covered by the statutory definition of "chauffeur" from procuring a chauffeur's license and paying the proper fee therefor as required by article 6687a, Vernon's Annotated Civil Statutes. The same is true in the situation where the employer is a county.

In opinion No. O-03 of this department,

Mr. Frank Wright, May 20, 1939, Page 3

It was held that a county commissioner while driving an automobile belonging to the county, on county business is not a chauffeur within the meaning of article 6687a, and that he does not have to obtain a chauffeur's license. But the reasoning was that a county commissioner is a public officer, and, therefore, not "an employee,, servant, agent or independent contractor" within the statutory definition.

In the present instance there is no doubt but that ordinary county road hands are employees of the county. Your attention is called to the following discussion of the words "servant", "employee" in 29 Tex. Jur. 10 which states:

In the language of the law, however, the word 'servant' is used to embrace all classes of employees. It is synonymous with 'employee', and includes all persons of whatever rank or position who are subject to the direction and control of another in any department of labor or business."

It is our conclusion that such county employees as county road hands while driving trucks belonging to the county and on county business are chauffeurs within the meaning of section 1 (g) of article 6687a, Vernon's Annotated Civil Statutes, and are obliged to obtain chauffeur's licenses.

Trusting that this answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Dick Stout
Assistant

DS:omb

APPROVED:

ATTORNEY GENERAL OF TEXAS.

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN